FILED
2018 Aug-17 PM 12:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LOUISE ALEXANDER, d/b/a UNITY }
FLOWERS AND GIFTS, }
 }
    **Plaintiff,** }
 }  Case No.: 2:18-cv-01103-RDP
v. }
 }
STATE FARM FIRE AND CASUALTY }
COMPANY, and DARIUS ALEXANDER, }
 }
    **Defendants.**

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Motion to Remand. (Doc. # 15). Plaintiff Louise Alexander ("Plaintiff") sued State Farm Fire and Casualty Company ("State Farm") and Darius Alexander ("Defendant Alexander") in state court. Plaintiff claims State Farm breached its insurance contract with her and that Defendant Alexander made a misrepresentation concerning her insurance claim. Defendants State Farm and Alexander removed the case to this court, invoking diversity jurisdiction.

Defendants concede that Defendant Alexander and Plaintiff are both citizens of Alabama, which would ordinarily defeat diversity jurisdiction. (Doc. # 1 at 3-4). However, they argue that because Defendant Alexander was fraudulently joined to prevent removal, his citizenship should be disregarded in determining whether diversity jurisdiction exists. Plaintiff argues that Defendants have not met the high standard for establishing fraudulent joinder and thus requests that the case be remanded to state court. After careful review, and for the reasons explained below, the court agrees with Plaintiff. Because there is a possibility that Plaintiff can state a

claim for misrepresentation against Defendant Alexander in state court, the court cannot say Defendant Alexander was fraudulently joined. Thus, Plaintiff's Motion to Remand is due to be granted.

I.      **Factual and Procedural Background**

This case arises out of an insurance company's denial of a claim by its insured. Plaintiff Louise Alexander, the insured, commenced this suit in the Circuit Court of Jefferson County, Alabama, in the Bessemer Division. (Doc. # 1-1 at 5). The complaint alleged that her insurance company, State Farm, breached their insurance contract by failing to cover certain damage to her business premises caused by snow and ice. (*Id.* at 5-6). The complaint also alleged that a State Farm employee, Darius Alexander, made a misrepresentation to Plaintiff concerning her claim.[1] (*Id.*). After being served with process,[2] Defendants removed the case to this court. (Doc. # 1). After removal, Plaintiff filed a motion for leave to file an amended complaint (Doc. # 8), which was subsequently mooted when she amended her complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). (*See* Doc. # 13; Doc. # 14). The parties have also submitted various affidavits and documentary evidence, the relevance of which will be discussed below. Plaintiff now moves to remand the case to state court, arguing that this court lacks subject matter jurisdiction over the case. (Doc. #15; Doc. # 23). Defendants State Farm and Alexander oppose the motion, arguing that Defendant Alexander was fraudulently joined to defeat federal diversity jurisdiction. (Doc. # 18).

---

[1] The state court complaint was styled as one for "breach of contract and bad faith," not breach of contract and misrepresentation. (Doc. # 1-1 at 5). But Plaintiff's counsel has since clarified that no bad faith claim was intended (Doc. # 11), and the language of the complaint itself sounds in misrepresentation. *See* (Doc. # 1-1 at 6) ("As a result of the misrepresentation of Darius Alexander, Plaintiff has suffered damages in the amount of $50,000."). Thus, the court construes the claim against Defendant Alexander as one for misrepresentation.

[2] Defendant Alexander claims he was improperly served in the state court action (Doc. # 1 at ¶ 6), and he has moved to dismiss the claim against him on that basis, (Doc. # 16 at 14). Because the court concludes that the case is due to be remanded to state court, it need not address whether Defendant Alexander has been properly served.

There is no dispute concerning the citizenship of the parties. The parties agree that Plaintiff Louise Alexander and Defendant Darius Alexander are both citizens of Alabama and that Defendant State Farm is a citizen of Illinois. (Doc. # 1 at 3-4; Doc. # 23 at 2). Moreover, there is no dispute that the amount in controversy exceeds $75,000. (Doc. # 1 at 11; Doc. # 23 at 2). Thus, the only issue the court must decide is whether Defendant Alexander was fraudulently joined in the state court action. If he was, then the case is properly in federal court; if he wasn't, then the case must be remanded for lack of diversity jurisdiction.

## II. Standard of Review

A removing party bears the burden of establishing subject matter jurisdiction over a case removed to this court. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). Courts strictly construe removal statutes, and "all doubts about jurisdiction should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012). In particular, a party seeking to remove a case on the basis of fraudulent joinder faces a heavy burden of proof, *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997), and must establish fraudulent joinder by clear and convincing evidence, *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

## III. Analysis

Title 28 U.S.C. § 1441 permits defendants to remove to federal court any state court action falling within the subject matter jurisdiction of the federal courts—that is, any case that could have been brought originally in federal court. Title 28 U.S.C. § 1332, in turn, grants federal district courts jurisdiction over cases where complete diversity of citizenship exists among the parties and where the amount in controversy exceeds $75,000, even if the case raises only state law claims. If the law were that simple, there is no doubt this case belongs in state

court: the plaintiff and one of the defendants are both citizens of the same state (Alabama), and thus complete diversity does not exist. But the law is not that simple. The doctrine of fraudulent joinder provides an exception to the ordinary rules. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Under that doctrine, a district court may exercise diversity jurisdiction even in the face of incomplete diversity *if* the plaintiff fraudulently joined a nondiverse defendant solely for the purpose of defeating federal jurisdiction. *Id.*

A defendant can show fraudulent joinder in three circumstances. The first is where "there is no possibility that the plaintiff would be able to establish a cause of action against the [nondiverse] defendant in state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983). The second is where "the plaintiff has fraudulently [pleaded] jurisdictional facts to bring the [nondiverse] defendant into state court." *Henderson*, 454 F.3d at 1281. The third is "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant."[3] *Triggs*, 154 F.3d at 1287.

Only the first situation is at issue here. No one claims Plaintiff fraudulently pleaded jurisdictional facts, and the breach of contract claim against State Farm has at least some connection to the misrepresentation claim against Defendant Alexander.[4] Thus, the only issue the

---

[3] The first category listed is the usual one at issue when fraudulent joinder is raised. The third category was announced by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Several courts have criticized *Tapscott*'s fraudulent joinder standard. *See, e.g.*, *Osborn v. Metro. Life Ins. Co.*, 341 F. Supp. 2d 1123, 1126-28 (E.D. Cal. 2004) (explaining that *Tapscott*'s standard engenders "more procedural complexity" in removal proceedings and noting uncertainty about whether to apply federal or state joinder rules); *Rutherford v. Merck & Co., Inc.*, 428 F. Supp. 2d 842, 851-55 (S.D. Ill. 2006) (describing *Tapscott*'s standard as "an improper expansion of the scope of federal diversity jurisdiction" and suggesting that courts "have foundered on shoals of tautology in trying to define fraudulent misjoinder"); *see also In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010) (declining to adopt or reject *Tapscott*'s fraudulent joinder doctrine).

[4] After all, Plaintiff alleges that Defendant Alexander's misrepresentation was *about* whether State Farm would pay her claim under the insurance policy.

**4**

court must decide is whether there is no possibility that Plaintiff could establish[5] a claim for misrepresentation against Defendant Alexander in Alabama's courts. If there is even a possibility that an Alabama court could find that Plaintiff has stated a claim for misrepresentation against Defendant Alexander, this court "must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41.

To be sure, the court must determine whether fraudulent joinder occurred "based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits . . . submitted by the parties." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). Though permitted to consider evidentiary submissions by the parties, the court must resolve all questions of fact in favor of the plaintiff. *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005). Moreover, the court "must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe*, 113 F.3d at 1538.

At the time of removal, Plaintiff's pleadings consisted of her complaint filed in Alabama state court. (Doc. # 1-1 at 5). That complaint alleged that Defendant Alexander made unspecified misrepresentations to Plaintiff, that Defendant Alexander knew or should have known State Farm had no intention of paying Plaintiff's insurance claim when he made the misrepresentations, and that, by relying on those misrepresentations and continuing to retain State Farm and pay her insurance premiums, Plaintiff suffered $50,000 in damages. (Doc. # 1-1

---

[5] One Eleventh Circuit case uses the term "prove" instead of "establish" in describing the standard for showing fraudulent joinder. *Triggs*, 154 F.3d at 1287 ("Joinder has been deemed fraudulent . . . when there is no possibility that the plaintiff can *prove* a cause of action against the resident (non-diverse) defendant.") (emphasis added). Though the difference in language is subtle, it is important. The term "prove" might lead one to conclude the relevant inquiry is whether the plaintiff has a possibility of *succeeding* on the claim in state court, rather than merely whether the plaintiff has a possibility of *stating* a claim in state court. Fortunately, the body of Eleventh Circuit case law on this issue makes clear that *Triggs*' statement of the fraudulent joinder standard was simply imprecise and that the proper inquiry is indeed whether "there is even a possibility that a state court would find that the complaint states a cause of action against" the nondiverse defendant. *Coker*, 709 F.2d at 1440; *see also, e.g.*, *Legg*, 428 F.3d at 1324 (assessing whether there was any "reasonable possibility that Plaintiffs can establish a cause of action against" the nondiverse defendant); *Pacheco de Perez*, 139 F.3d at 1380 (describing standard for fraudulent joinder as whether "there is no possibility the plaintiff can establish a cause of action against the resident defendant"); *Crowe*, 113 F.3d at 1538 (same); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989) (same).

at 5, ¶¶ 4-6, 10). As Defendants correctly observe in their notice of removal, Plaintiff failed to allege any specific misrepresentation by Defendant Alexander and thus arguably failed to plead misrepresentation with particularity as required by Alabama law. *See* (Doc. # 1 at ¶ 13); Ala. R. Civ. P. 9 ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."). But Plaintiff's counsel has since submitted an affidavit to this court explaining that his failure to include the specific statement Defendant Alexander allegedly made to Plaintiff was an oversight, owing to "exhaustion and the prescribed medications [he] was taking" in recovery from a recent surgery. (Doc. # 11). The affidavit states that "[a]t all material times, Plaintiff's misrepresentation claim against [Defendant Alexander] has been that he misrepresented to her, on several occasions after her claim had been submitted, that the claim would be paid by State Farm." (*Id.* at ¶ 2). In the amended complaint Plaintiff filed in this court, she claims Defendant Alexander told her "that her claim for the business loss would be paid inasmuch as she had complied with all applicable provisions of the State Farm policy." (Doc. # 13 at ¶ 5). And in her own declaration, Plaintiff maintains that "[a]s recently as a year ago, [Defendant] Alexander represented to me that my claim would be paid." (Doc. # 22-1 at ¶ 1). She also maintains that Defendant Alexander "made the same representation on several previous occasions" and that "State Farm has never told me that my claim would be denied." (*Id.* at ¶¶ 1, 3).

Considering Plaintiff's state court complaint, as supplemented by the affidavits of Plaintiff and her counsel,[6] the court is persuaded that an Alabama court could possibly find that

---

[6] Eleventh Circuit precedent is clear that district courts may consult evidentiary submissions by the parties in addition to the plaintiff's pre-removal pleadings when deciding whether a defendant was fraudulently joined. *Legg*, 428 F.3d at 1322-23. Ordinarily, the defendant is the party who submits evidence to challenge allegations made in the plaintiff's state court pleadings. *See, e.g., id.* But a district court is not limited to considering evidentiary submissions by the defendant. It may also consider such submissions by a plaintiff, particularly where, as here, both parties have submitted evidence. *See id.* (noting that the court may consider evidentiary submissions by both plaintiff and defendant, so long as it resolves any factual disputes in favor of the plaintiff).

Plaintiff has stated a claim for misrepresentation against Defendant Alexander. Under Alabama law, dismissal for failure to state a claim is appropriate only "when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Snider v. Morgan*, 113 So. 3d 643, 651 (Ala. 2012). The elements of fraudulent misrepresentation in Alabama are: "(1) a misrepresentation of a material fact, (2) made willfully to deceive, recklessly, without knowledge, or mistakenly, (3) that was reasonably relied on by the plaintiff under the circumstances, and (4) that caused damage as a proximate consequence." *Allstate Ins. Co. v. Eskridge*, 823 So. 2d 1254, 1258 (Ala. 2001). Plaintiff claims that Defendant Alexander told her State Farm would pay her insurance claim when he knew or should have known that State Farm had no intention of paying the claim. If true, these facts might well establish the first and second elements of fraudulent misrepresentation in Alabama. Plaintiff further claims that she relied upon Defendant Alexander's misrepresentation to her detriment by continuing to retain and pay insurance premiums to State Farm. If true, these facts likewise stand a fighting chance of establishing the third and fourth elements of Plaintiff's misrepresentation claim. Whether or not Plaintiff will ultimately succeed on the claim is not the question. Rather, the inquiry centers on whether it is possible an Alabama court could conclude that there exists some set of facts that would entitle Plaintiff to relief on her misrepresentation claim. Thus, remand is appropriate. *See Coker*, 709 F.2d at 1440-41.

Finally, while Defendants raise two plausible arguments in favor of finding that Defendant Alexander was fraudulently joined, neither of them prevails.

First, Defendants argue that Plaintiff failed to comply with Alabama's requirement that misrepresentation be pleaded with particularity because her complaint accidentally omitted the specific misrepresentation Defendant Alexander allegedly uttered. (Doc. # 1 at 5-6). This

argument fails for two reasons. First, as explained above, a district court is permitted (and in some cases required[7]) to consider not only the plaintiff's pre-removal pleadings but also any affidavits submitted by the parties post-removal. The affidavits submitted by Plaintiff and her counsel make clear that Plaintiff's misrepresentation claim has a possibility of surviving a motion to dismiss for failure to state a claim in state court. Second, the Alabama Rules of Civil Procedure permit a party to amend a pleading (including a complaint) as a matter of course early in the litigation, and, in the court's view, an Alabama court doubtless would have permitted Plaintiff to amend her complaint in this case. *See* Ala. R. Civ. P. 15(a) (permitting a party to amend a pleading without leave of court "at any time more than forty-two (42) days before the first setting of the case for trial" and providing that "such amendment shall be freely allowed when justice so requires"). In other words, the court doubts an Alabama court would dismiss Plaintiff's complaint without an opportunity to amend it. Thus, there is still a possibility Plaintiff can establish her claim for misrepresentation in state court notwithstanding her failure to initially plead the specific statement Defendant Alexander is alleged to have made.

Second, Defendants argue that Plaintiff's misrepresentation claim is time barred by Alabama's two-year statute of limitations for such claims. *See* (Doc. # 18 at 7); Ala. Code § 6-2-38(l). But this argument also fails for two reasons. First, Alabama law is clear that a court should grant a motion to dismiss based upon an expired statute of limitations only when "the existence of the affirmative defense appears *clearly* on the face of the pleading." *Jones v. Alfa Mut. Ins. Co.*, 875 So. 2d 1189, 1193 (Ala. 2003) (emphasis in original). That is, a court should not consider evidentiary submissions beyond the complaint when deciding whether to grant a motion

---

[7] In *Legg v. Wyeth*, 428 F.3d 1317, 1320-22 (11th Cir. 2005), the Eleventh Circuit reversed a district court for refusing to consider affidavits submitted by the parties in determining whether certain defendants were fraudulently joined. The Eleventh Circuit criticized the district court for relying "solely on various allegations in the Plaintiffs' complaint" without also considering affidavits submitted by the defendants. *Id.* at 1322.

to dismiss based on an expired statute of limitations. Here, Defendants' statute-of-limitations argument rests entirely on an affidavit and exhibit submitted by Defendants (Doc. # 18 at 8-9; Doc. # 18-1).[8] Second, even if the court were to consider evidentiary submissions in deciding whether the statute of limitations on Plaintiff's claim has run, the court would be required to resolve all questions of fact in favor of the plaintiff. *Legg*, 428 F.3d at 1323. In her own declaration, Plaintiff states that Defendant Alexander told her "[a]s recently as a year ago" that State Farm would pay her claim. (Doc. # 22-1 at ¶ 1). The court must resolve the factual dispute concerning when Plaintiff's misrepresentation claim accrued in favor of Plaintiff, who claims misrepresentations were made well within the limitations period. Thus, Alabama's statute of limitations does not make it impossible for Plaintiff to establish her claim.

## IV. Conclusion

Federal courts are courts of limited jurisdiction. It is always incumbent upon them to ensure that they exercise only the jurisdiction conferred upon by them Congress. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). This is especially true in the context of removal jurisdiction, which raises significant federalism concerns. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (observing that when a federal court reaches the merits of a removed case where subject matter jurisdiction is lacking, "it deprives a state court of its right under the Constitution to resolve controversies in its own courts"). A federal court should not lightly conclude that a controversy between two nondiverse parties raising only state law claims properly belongs in federal court on the basis of fraudulent joinder. Because Defendants have not met the high burden for establishing fraudulent joinder, Plaintiff's Motion to Remand (Doc. # 15) is due to be granted. Defendant Alexander's other pending motion (Doc.

---

[8] Defendants claim Plaintiff's misrepresentation claim accrued more than two years before she filed her state court action because Plaintiff received a letter from State Farm that put Plaintiff on notice of the falsity of Defendant Alexander's alleged prior representations. (Doc. # 18 at 8-9; Doc. # 18-1).

# 16) is due to be denied as moot. An Order consistent with this Memorandum Opinion will be entered.

DONE and ORDERED this August 16, 2018.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE